[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 12.]

THE STATE OF OHIO, APPELLANT, V. JONES, APPELLEE.

[Cite as *State v. Jones*, 1997-Ohio-38.]

*Criminal procedure—Indictment--R.C. 2941.25—Multiple counts—Merger of attempted vaginal rape conviction with vaginal rape conviction by court of appeals not proper, when.*

(No. 95-1884—Submitted January 7, 1997—Decided March 19, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. 14649.

————————————

{¶ 1} In the early morning hours of February 3, 1994, Teressa Robinson found herself abandoned by friends in an unfamiliar neighborhood of Dayton. While searching for a telephone, she encountered Andre Jones, defendant-appellee, who offered to help. Instead, he led her to a nearby park, struck her in the face, and commanded her to perform oral sex. Robinson complied out of fear.

{¶ 2} After he obtained an erection, Jones penetrated Robinson vaginally. Unable to ejaculate, at least in part because Robinson had a tampon in her vagina, Jones withdrew. He forcibly removed the tampon and, having lost his erection, again forced Robinson to perform oral sex. He again attempted and perhaps achieved vaginal penetration. Jones contended at trial that all the sexual contact was consensual.

{¶ 3} The jury found Jones guilty of two counts of oral rape, one count of vaginal rape, one count of attempted vaginal rape, and one count of gross sexual imposition. The court of appeals affirmed the convictions and, pursuant to R.C. 2941.25, merged the two oral rape convictions, finding them to be allied offenses of similar import, and merged the attempted vaginal rape conviction with the vaginal rape conviction, finding them to be allied offenses of similar import.

**{¶ 4}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *George A. Katchmer*, Assistant Prosecuting Attorney, for appellant.

*Joe Cloud*, for appellee.

———————————

**PFEIFER, J.**

**{¶ 5}** This appeal calls upon us to examine R.C. 2941.25 and determine whether the two acts of oral rape at issue were properly merged by the court of appeals. We must also determine whether attempted vaginal rape and vaginal rape were properly merged by the court of appeals. For the reasons that follow, we find that the mergers were not proper and reverse the portion of the judgment of the court of appeals that pertains to merger.

**{¶ 6}** R.C. 2941.25 states:

"(A) Where the same conduct by defendant can be contrued to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 7}** To determine whether merger was appropriate pursuant to R.C. 2941.25 requires us to engage in a two-step analysis. *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the

2

crimes are allied offenses of similar import and the court must then proceed to the second step." 38 Ohio St.3d at 117, 526 N.E.2d at 817. In one instance, we must compare one crime of oral rape with a second crime of oral rape. It is clear that the elements of one crime correspond to the elements of the other. In the other instance, we must compare the crime of attempted vaginal rape with the crime of vaginal rape. It is equally clear that the elements of rape and attempted rape "correspond to such a degree that the commission of one crime [rape] will result in the commission of the other [attempted rape]." In both instances, the offenses are of similar import. Thus, we must proceed to the second step in the analytical framework.

{¶ 8} "In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis *sic*.) 38 Ohio St.3d at 117, 526 N.E.2d at 817. This court has generally not found the presence or absence of any specific factors to be dispositive on the issue of whether crimes were committed separately or with a separate animus. But, see, *State v. Barnes* (1981), 68 Ohio St.2d 13, 17, 22 O.O.3d 126, 129, 427 N.E.2d 517, 520-521 (Celebrezze, C.J., concurring). Instead, our approach has been to analyze the particular facts of each case before us to determine whether the acts or animus were separate. See *State v. Nicholas* (1993), 66 Ohio St.3d 431, 435, 613 N.E.2d 225, 229; *State v. Hill* (1992), 64 Ohio St.3d 313, 332, 595 N.E.2d 884, 899-900; *State v. Jells* (1990), 53 Ohio St.3d 22, 33, 559 N.E.2d 464, 475; *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83-84, 549 N.E.2d 520, 522; *State v. Powell* (1990), 49 Ohio St.3d 255, 262, 552 N.E.2d 191, 199. Thus, we must examine the record to determine whether the two acts of oral rape were committed separately or with a separate animus, and we must examine the record to determine whether the acts of

attempted vaginal rape and vaginal rape were committed separately or with a separate animus.

{¶ 9} The second act of oral rape increased the risk of physical injury to the victim, as well as the chances that the victim would contract a venereal disease. Further, while the two acts of oral rape were committed within a short period of time of each other, there were significant intervening acts, namely vaginal penetration, loss of an erection, withdrawal from the vagina, and removal of the tampon. We find these factors sufficient to justify a jury verdict that the first act of oral rape was separate from the second act of oral rape.

{¶ 10} The act of attempted vaginal rape increased the risk of physical injury to the victim, as well as the chances that the victim would contract a venereal disease or become pregnant. Further, while the act of vaginal rape and the act of attempted vaginal rape were committed within a short period of time of each other, there were significant intervening acts, namely, loss of an erection, withdrawal from the vagina, removal of a tampon, and oral rape. We find these factors sufficient to justify a jury verdict that the act of vaginal rape was separate from the act of attempted vaginal rape.

{¶ 11} The jury was charged to "consider each count and the evidence applicable to each count separately." It did so, and returned a verdict of guilty on all four counts at issue. See *State v. Loza* (1994), 71 Ohio St.3d 61, 75, 641 N.E.2d 1082, 1100, citing *State v. Henderson* (1988), 39 Ohio St.3d 24, 33, 528 N.E.2d 1237, 1246, citing *Parker v. Randolph* (1970), 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 ("A jury is presumed to follow the instructions given to it by the trial judge."). Having found that the jury had sufficient evidence to justify a finding that the four acts of rape were committed separately, we conclude that mergers effected by the court of appeals were improper.

**{¶ 12}** Accordingly, we affirm in part, reverse the portion of the judgment of the court of appeals that pertains to the mergers, and reinstate the original convictions.

*Judgment affirmed in part,*
*reversed in part*
*and convictions reinstated.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

_____