OPINION
The Greene County Grand Jury returned a seven count indictment against Jakuba K. Lewis in March, 1997, as follows:
 Count I: murder of Jermaine Gatewood with firearm specification
 Count II: attempted murder of Demetrius Montgomery with firearm specification
 Count III: attempted murder of Norman Johnson with firearm specification
 Count IV: aggravated burglary with firearm specification
 Count V: aggravated murder (prior calculation and design) of Darrel Hightower with firearm specification and death penalty specification
 Count VI: attempted aggravated murder (prior calculation and design) of Norman Johnson with firearm specification
Count VII: tampering with evidence
In May, 1998, Lewis entered negotiated pleas of guilty to Counts I, III, V and VI and the attendant firearm specifications. The death penalty specification in Count V was deleted, and Counts II, IV and VII were dismissed.
During the interim between the return of the indictment and the pleas of guilty, Lewis was confined at a mental health facility for restoration to competence to stand trial.
The trial court imposed consecutive sentences on all counts as follows:
Count I: life
Count III: ten years
 Count V: life with parole eligibility after twenty years
Count VI: ten years
The trial court also imposed three-year sentences on each of the four firearm specifications, and ordered them to be served concurrently with each other, but prior to and consecutive to the sentences on the principal offenses. Costs were also assessed against Lewis.
Lewis contends in his first assignment of error that his sentence is contrary to law. Lewis first contends that the trial court committed legal error in imposing a life sentence on Count I — murder — in that the proper sentence is fifteen years to life in accordance with R.C. 2929.02(B). The State concedes that Lewis is correct, and we will modify the judgment to provide for an indefinite sentence of fifteen years to life on Count I.
Lewis next contends that the record fails to reflect an adequate basis for consecutive sentences as to one victim, Norman Johnson, and that "those two sentences should merge." This contention implicates Counts III and VI, attempted murder of Norman Johnson and attempted aggravated murder of Norman Johnson. We understand the "merger" contention to implicate R.C. 2941.25
which provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
R.C. 2941.25(A) was recently discussed by the supreme court in State v. Rance (1999), 85 Ohio St.3d 632, wherein the syllabus provides at para. 1:
 Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. (Newark v. Vazirani [1990], 48 Ohio St.3d 81, 549 N.E.2d 520, overruled.)
In determining that involuntary manslaughter and aggravated robbery were not allied offenses of similar import, the court stated as follows:
 Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. P. 639.
Applying Rance to the offenses of attempted murder and attempted aggravated murder, we conclude that they are allied offenses of similar import. Although the commission of attempted murder will not result in the commission of attempted aggravated murder, the commission of attempted aggravated murder will result in the commission of attempted murder. In other words, each
offense does not require proof of an element that the other does not. Attempted murder does not require proof of an element that attempted aggravated murder does not, although attempted aggravated murder requires proof of an element that attempted murder does not. This analysis is consistent with the R.C.2941.25(A) analysis in State v. Jones (1997), 78 Ohio St.3d 12, wherein the court determined that separate acts of attempted vaginal rape and vaginal rape were found to be "offenses . . . of similar import." P. 13.
Where two offenses are determined to be allied offenses of similar import, "the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. R.C. 2941.25(B); Jones,78 Ohio St.3d at 14, 676 N.E.2d at 81 (a defendant may be convicted of allied offenses of similar import if the defendant's conduct reveals that the crimes were committed separately or with separate animus)."Rance, p. 639.
Review of Lewis' conduct shows, at least, that the crimes were committed separately, if not with a separate animus as to each crime. According to Lewis' own account, the attempted murder of Johnson occurred in one apartment where he shot Johnson in the head after shooting Gatewood. Johnson escaped to another apartment. Lewis chased two other men, including Hightower, into a parking lot where he shot Hightower. Thereafter, he kicked open the door of the apartment into which Johnson had escaped. Johnson jumped out of the window of that apartment. Lewis jumped out after Johnson, landed on him, got up and again shot Johnson in the head. See similar analysis in Jones, supra, p. 14.
As for the contention that there is no basis in the record for consecutive ten-year sentences, the trial court specifically found that consecutive sentences were necessary in accordance with R.C. 2929.14(E)(4)(b):
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
From our review of the record, this determination was well within the trial court's discretion. See also R.C. 2929.19(B)(2)(c).
Next, Lewis contends that the trial court failed to consider his mental condition in imposing the sentences that it did, arguing that his mental condition mitigated his conduct. See R.C.2929.12(C)(4). Lewis concedes that the trial court is entitled to a presumption that it considered all statutory factors, but contends that the presumption is rebutted in this case because the trial court did not mention his mental condition during sentencing or in its sentencing entry. We disagree.
The record contains voluminous information about Lewis' mental condition that was addressed to the trial court. Defense counsel mentioned Lewis' mental condition during the sentencing proceeding. The fact that the trial court didn't mention Lewis' mental condition during sentencing or in its sentencing entry does not persuade us that it was not considered. Rather, we think — as the State suggested at oral argument — that Lewis' mental condition was considered when the trial court approved the negotiated pleas, that included deletion of the death penalty specification and dismissal of three counts, charging two first degree felonies and one third degree felony.
Lewis next complains about the maximum sentences imposed. Actually, Lewis' complaint must be confined to the maximum sentences imposed for attempted murder and attempted aggravated murder because the length of sentences for murder and aggravated murder are inflexibly fixed by statute whereas there is a range of possible sentences for attempted murder and attempted aggravated murder.
Pursuant to R.C. 2929.14(C), the longest authorized prison term may only be imposed, inter alia, "upon offenders who committed the worst forms of the offense" or "who pose the greatest likelihood of committing future crimes." The trial court made a specific finding that Lewis had "committed the worst form of the offense."
In view of the fact that Johnson suffered severe, long lasting, and debilitating injuries as a result of being shot on two separate occasions during Lewis' murderous rampage, we find this determination to be within the trial court's discretion.
Lewis next complains about consecutive sentences. We have already discussed the consecutive sentences for attempted murder and attempted aggravated murder and concluded they were proper. Lewis cannot seriously contend that the trial court abused its discretion in imposing additional consecutive sentences for the murder of Gatewood and the aggravated murder of Hightower.
Although Lewis complains about the lack of a more elaborate rationale for the trial court's sentencing decision, we are satisfied that the trial court made the findings required by statute. See State v. Henderson (Feb. 12, 1999), Greene App. No. 98 CA 19, unreported.
The first assignment is sustained in part and overruled in part.
Lewis contends in his second assignment that the trial court erred in assessing costs against him as he is indigent. This assignment is overruled on the authority of State v. Engle (Mar. 19, 1999), Greene App. No. 98 CA 125, unreported. See also Statev. Jackson (1986), 30 Ohio App.3d 149.
The judgment will be modified to impose a sentence of fifteen years to life on Count I. As modified, the judgment will be affirmed.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Robert K. Hendrix
David R. Miles
Hon. M. David Reid