OPINION
Defendant-appellant, Robert V. Butts, Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of involuntary manslaughter in violation of R.C.2903.04 and endangering children in violation of R.C. 2919.22.
On May 12, 1997, two-year-old Tatiana Hall was taken to Children's Hospital with blunt head and trunk trauma injuries consistent with abuse. She died of her injuries on May 18, 1997. As a result, defendant, Tatiana's caretaker on the day of her injuries, was charged with murder, involuntary manslaughter, and endangering children. The charges were tried to a jury, which found defendant not guilty of murder, but guilty of involuntary manslaughter and endangering children. The trial court sentenced defendant to ten years on the involuntary manslaughter conviction, and five years on the child endangering conviction, with the sentences to run consecutively. Defendant appeals, assigning the following errors:
ASSIGNMENT OF ERROR 1
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY SENTENCING THE DEFENDANT TO CONSECUTIVE PRISON TERMS FOR HIS CONVICTION OF CHILD ENDANGERING AND INVOLUNTARY MANSLAUGHTER, IN VIOLATION OF OHIO REVISED CODE, SECTION 2941.25, AND IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE STATE AND FEDERAL CONSTITUTIONS.
ASSIGNMENT OF ERROR 2
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY ADMITTING INTO EVIDENCE THE DEFENDANTS STATEMENT TO A LAW ENFORCEMENT OFFICER MADE AFTER THE DEFENDANT HAD ALREADY ASSERTED HIS RIGHT TO REMAIN SILENT UNTIL HE SPOKE WITH COUNSEL.
Defendant's first assignment of error asserts the trial court erred in failing to find defendant's involuntary manslaughter and endangering children convictions are allied offenses of similar import.
Subsequent to the trial of defendant's case, the Ohio Supreme Court decided State v. Rance (1999), 85 Ohio St.3d 632, and in that opinion clarified application of R.C. 2941.25, Ohio's multiple-count statute. In determining whether crimes are allied offenses of similar import, the Supreme Court explained that under R.C. 2941.25(A) "the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.'" (Emphasis sic.) Id. at 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14. The court explained that if the elements do so correspond, the defendant may not be convicted of both "unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639.
Here, defendant was charged with involuntary manslaughter, the essential elements of which are "no person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony." R.C. 2903.04. Defendant was further convicted of child endangering under R.C.2919.22, which states:
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *
A comparison of the elements of the two offenses reveals that they are not allied offenses of similar import. While involuntary manslaughter requires proof of an underlying felony, the underlying felony does not have to be child endangering. Moreover, involuntary manslaughter does not require that the perpetrator be "the parent, guardian, custodian, person having custody or control, or person in loco parentis" of the child victim. Further, although child endangering is committed when the victim is a child under the age of eighteen years, involuntary manslaughter does not necessarily involve a child victim. Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. Rance, supra, at 639. Accordingly, defendant's first assignment of error is overruled.
Defendant's second assignment of error asserts the trial court erred in admitting defendant's statement into evidence because it was made after defendant had asserted his right to counsel and to remain silent.
"If a suspect in a criminal investigation requests counsel at any time during questioning, he is not subject to further interrogation until a lawyer is provided or the suspect reinitiates the interrogation." State v. Henness (1997), 79 Ohio St.3d 53,63, citing Arizona v. Roberson (1988), 486 U.S. 675,108 S.Ct. 2093. The term "interrogation" under Miranda v. Arizona
(1966), 384 U.S. 436, 86 S.Ct. 1602, "refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis
(1980), 446 U.S. 291, 301, 100 S.Ct. 1682, 1689-1690. Whether conduct qualifies as "reasonably likely to elicit an incriminating response" necessarily depends on an examination of the facts and circumstances of each case.
Here, defendant was arrested and his Miranda rights were discussed. In particular, to prove defendant could read and understand, the officer asked defendant to read the waiver form to him. After ascertaining that no one had told defendant he was required to make a statement to the officer, the officer inquired whether defendant would like to talk with him. Defendant responded:
 I really — at this point, I don't, but I do want to clear up one issue with you, the issue that you were saying that I was avoiding you like the plague on the day that you put the response for me to come in. (Tr. 347.)
Thereafter, the officer explained he had made that statement to defendant's father because the officer had called a couple of times and had set up an appointment with defendant, but defendant did not show up; to the officer, defendant seemed to be trying to avoid him. Defendant responded, and the officer then said to defendant:
 Q. Yeah, okay. My question is ultimately here, at this point, do you want to talk to me, you know, about the incident itself, or, you know, I've explained the rights to you, like I say, you don't have to talk to me if you don't want to. If you want to make a statement, if you want to tell me what happened basically, that's entirely up to you, you know, I want you to understand that you don't have to talk to me now, you know, only if you want to. If you want to, I need you to sign this form for me, saying you —
A. I would rather have my lawyer present —
Q. Okay.
 A. — you know what I'm saying, my lawyer can give me a little advice.
 But I do have a question about — it was this — this has been nagging me for — ever since the day I left Columbus.
* * *
 I do want to tell you one thing that I did lie about, and that was the fact that I was serving someone in the park. * * * (Tr. 348-349, 350.)
 Miranda does not affect the admissibility of "volunteered statements of any kind." Miranda, at 478, 1630; Statev. Waddy (1992), 63 Ohio St.3d 424, 440 (finding that statements not elicited, but volunteered, are not barred by Miranda). Rather, if a defendant initiates discussion with the police and volunteers the information, defendant is not subject to custodial interrogation. State v. Roe (1989), 41 Ohio St.3d 18, 22. Here, although defendant explicitly stated that he wanted an attorney, defendant continued a conversation with the officer by asking the officer questions. Although the officer responded with the information defendant requested, the officer did not return questions to defendant. The defendant ultimately volunteered his statement that he lied. Given those circumstances, the record fails to support a violation of defendant's rights under Miranda.Columbus v. Stepp (Oct. 6, 1992), Franklin App. No. 92AP-486 (1992 WL 281229); cf. State v. Rowe (1990), 68 Ohio App.3d 595
(finding that once asserted, the right to counsel was not waived by defendant's responding to police interrogation).
Accordingly, defendant's second assignment of error is overruled.
Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN, P.J., and LAZARUS, J., concur.