OPINION
Defendant-appellant, Thomas A. Presta, appeals his convictions in the Warren County Court of Common Pleas for abduction and attempted rape. The decision of the trial court is affirmed.
Appellant abducted an eight-year-old boy on October 12, 1999. Appellant forced the boy into the woods and attempted to engage in anal sex with him. Appellant was indicted on one count of kidnapping and one count of attempted rape.
Upon the advice of counsel, appellant pled guilty to charges of abduction (the reduced charge of kidnapping) and attempted rape. Appellant was sentenced to three years in prison on the abduction charge and four years in prison on the attempted rape charge to be served consecutively to each other. This sentence was an agreed sentence, which was recommended jointly by the appellant and the prosecution pursuant to R.C. 2953.08(D).
Before sentencing appellant, the trial court advised appellant of his rights. Appellant asked the trial court whether he would be eligible for judicial release, and the trial court informed him that he would not be eligible for judicial release until he had served at least five years of his sentence. Appellant indicated that he understood the proposed agreement and signed a form stating that he was entering a guilty plea.
Subsequently, appellant was also adjudicated a sexual predator. Appellant appeals, raising two assignments of error for our review.
Assignment of Error No. 1:
 APPELLANT CANNOT BE CONVICTED OF BOTH COUNT ONE AND COUNT TWO OF THE INDICTMENT BECAUSE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.
In his first assignment of error, appellant argues that his convictions violate R.C. 2941.25 because abduction and attempted rape are allied offenses of similar import.
When determining whether offenses are of similar import, the statutorily defined elements of the offenses are to be compared in the abstract. State v. Rance (1999), 85 Ohio St.3d 632, paragraph one of the syllabus. If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636, quoting State v. Jones (1997), 78 Ohio St.3d 12,13. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Rance at 636, citing R.C. 2941.25(B).
Appellant was convicted of abduction under R.C. 2905.02(A)(2) and attempted rape under R.C. 2923.02(A) (the attempt statute) and R.C. 2907.02(A)(1)(b). Under R.C. 2905.02(A)(2) abduction is defined as the following: "No person, without privilege to do so, shall knowingly do * * * the following: By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear." Under R.C. 2907.02(A)(1)(b), rape is defined as the following: "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * the following applies: The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
Comparing the elements of the crimes, we find that they do not correspond to such a degree that the commission of one crime will result in the commission of the other. Abduction under R.C.2905.02(A)(2) requires "force or threat" but does not require that the victim be of any particular age. In contrast, attempted rape under 2907.02(A)(1)(b) requires that the victim be less than thirteen years of age but does not require any force or threat. Therefore, appellant's abduction and attempted rape charges are not allied offenses of similar import.
Moreover, our review of a negotiated felony sentence is governed by R.C. 2953.08(D), which states in part: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Under the plain language of the statute, a defendant sentenced pursuant to a negotiated agreement under R.C. 2953.08(D) may not appeal his sentence if it is "authorized by law."
Therefore, we find that appellant's claim that his sentence violates R.C. 2941.25 lacks merit because it is authorized by law, and appellant knowingly and voluntarily entered a negotiated plea agreement under R.C. 2953.08(D). The first assignment of error is overruled.
Assignment of Error No. 2:
 APPELLANT WAS DENIED DUE PROCESS IN THAT HE WAS NOT PROVIDED EFFECTIVE ASSISTANCE OF COUNSEL AT THE PLEA HEARING.
In his second assignment of error, appellant contends that he suffered from ineffective assistance of counsel at his plea hearing. Appellant insists that it was ineffective assistance of counsel for his counsel to agree to a sentence that contained offenses that appellant contends were allied offenses of similar import.
To demonstrate a claim of ineffective assistance of counsel, a defendant must first show that under the circumstances, counsel's representation did not meet the objective standard of reasonable competence. Second, a defendant must show that he was prejudiced at trial as a result of this deficiency. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064; State v. Mills
(1992), 62 Ohio St.3d 357, 370. Only if the defendant demonstrates that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against defendant would have been more favorable, will a reviewing court find prejudice. This probability must be sufficient to undermine confidence in the case's outcome. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus.
In this case, appellant cannot show ineffective assistance of counsel because he cannot show deficient representation or prejudice. As discussed above, abduction under R.C. 2905.02(A)(2) and attempted rape under R.C. 2907.02(A)(1)(b) are not allied offenses of similar import.
As a result of the negotiated plea agreement, appellant's kidnapping charge (a first degree felony) was reduced to an abduction charge (a third degree felony). Appellant abducted and attempted to rape an eight-year-old boy. Appellant was sentenced to seven years in prison, with the possibility of judicial release after five years. We cannot say that appellant's counsel was ineffective in this case. The second assignment of error is without merit.
YOUNG, P.J., and WALSH, J., concur.