OPINION
Appellant, Misty Bechstein ("Appellant"), brings this appeal from a judgment of the Common Pleas Court of Wyandot County sentencing her to a four-year prison term for aggravated arson, a violation of R.C.2909.02(A)(2), as well as to a twelve-month term for arson, a violation of R.C. 2909.03(A)(2). The court ordered these sentences to be served consecutively. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
Appellant was indicted on three charges: aggravated arson, a felony of the first degree, which was subsequently amended to a felony of the second degree, arson, a felony of the fourth degree and insurance fraud, a felony of the fourth degree. On June 20, 2000, through plea negotiations, Appellant entered into an agreement whereby she pled guilty to aggravated arson, a felony of the second degree, and arson, a felony of the fourth degree.
The matter was then referred to the Adult Parole Authority for a pre-sentence investigation report. At the conclusion of the sentencing hearing held on September 8, 2000, the trial court sentenced Appellant to consecutive terms of four years for aggravated arson and twelve months for arson. The court entered judgment on the conviction and sentence on the same day. This appeal followed.
Appellant asserts two assignments of error, which we will address in reverse order.
 Assignment of Error II The trial court erred by sentencing Appellant on both the aggravated arson and arson because they involved allied offenses of similar import.
In her second assignment of error, Appellant argues that her convictions violate R. C. 2941.25 because aggravated arson and arson are allied offenses of similar import. We disagree.
In order to determine whether two separately charged offenses are of similar import, the statutory elements of the offenses must be compared in the abstract. State v. Rance (1999), 85 Ohio St.3d 632, paragraph one of the syllabus. If the elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 636, quoting State v. Jones (1997), 78 Ohio St.3d 12, 13. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends the multiple convictions are permitted." Rance
at 636, citing R.C. 2941.25(B).
Appellant herein was convicted of aggravated arson pursuant to R.C.2909.02(A)(2) and arson pursuant to R.C. 2909.03(A)(2). Aggravated arson, in R.C. 2909.09(A)(2), is defined as the following: "[n]o person, by means of fire or explosion, shall knowingly * * * [c]ause physical harm to any occupied structure * * *." Arson, in R.C. 2909.03(A)(2) is defined as the following: "[n]o person, by means of fire or explosion, shall knowingly * * * [c]ause, or create a substantial risk of, physical harm to any property of himself or another, with purpose to defraud * * *."
Comparing the elements of the crimes, we find that they do not correspond to such a degree that the commission on one offense will necessarily result in the commission of the other. Aggravated arson requires that the harm actually occur and that it occur to an occupied structure, which may be owned by any person. On the other hand, the arson charge requires either a substantial risk of harm or actual harm to any property belonging to the offender and that it is committed with purpose to defraud. Although both of these offenses involve a single fire and harm to property, we find that these offenses do not constitute allied offenses of similar import since the thrust of the aggravated arson charge herein is harm to an occupied structure, while the thrust of the arson charge herein is a fraud perpetrated against the insurance carrier. Accordingly, Appellant's second assignment of error is hereby overruled.
 Assignment of Error I The trial court erred when it failed to impose minimum sentences under R.C. 2929.14(B).
Sentences imposed pursuant to plea agreements are protected from appellate challenges pursuant to R.C. 2953.08(D), which provides that when a sentence is authorized by law and jointly recommended by the defendant and the prosecution, the sentence is not subject to review if it is imposed by the sentencing judge. State v. Street (Sept. 30, 1998), Hancock App. No. 5-98-9, unreported; State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported; State v. Byerly (Nov. 3, 1999), Hancock App. No. 5-99-26, unreported.
The parties herein negotiated a plea agreement providing for a sentence of four years on the aggravated arson charge consecutive to a sentence of twelve months on the arson charge. This agreement was reduced to writing and presented to the court after being orally acknowledged by the State and Appellant and signed by both in open court. Therefore, both the State and Appellant jointly recommended the agreement, and the trial court accepted the agreement and later imposed the recommended sentences. Accordingly, if Appellant's sentence is "authorized by law," the sentence is not appealable. R.C. 2953.08(D).
In Bristow, supra, this court held "that a jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense." Aggravated arson, as charged herein, is a felony of the second degree, for which is provided, a definite sentence of imprisonment of two, three, four, five, six, seven or eight years. R.C. 2929.14(A)(2). Arson, as charged herein, is a felony of the fourth degree, for which is provided a sentence of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. R.C. 2929.14(A)(4).
Upon sentencing, the trial court imposed a sentence of four years for aggravated arson and twelve months for arson, to be served consecutively, making an aggregate sentence of five years. Since each sentence fits within the statutory provisions and is therefore authorized by law, and since they were jointly recommended by Appellant and the State, these sentences are not subject to review pursuant to R.C.2953.08(D). Accordingly, Appellant's first assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
SHAW and BRYANT, JJ., concur.