OPINION
Defendant-appellant, Matthew Sherman, appeals a decision of the Clermont County Court of Common Pleas sentencing him to consecutive terms for his convictions of felonious assault and aggravated robbery.
On August 4, 1999, appellant was indicted for one count of aggravated robbery in violation of R.C. 2911.01(A)(3), one count of felonious assault in violation of R.C. 2903.11(A)(2), and one count of grand theft of a motor vehicle. The charges arose out of an incident in which appellant attacked a woman who was coming out of the United Dairy Farmers store on Ohio Pike. Appellant repeatedly hit the victim in the head with a pellet gun, took her car keys and fled in her automobile.
On September 3, 1999, appellant pled guilty to the charges of felonious assault and aggravated robbery in exchange for dismissal of the grand theft charge. At a sentencing hearing on October 12, 1999, counsel for appellant moved to have the two offenses merged for sentencing purposes. The trial court entered judgment on November 10, 1999, finding that the two charges were not allied offenses of similar import and sentencing appellant to a prison term of eight years for aggravated robbery and six years for felonious assault. The trial court ordered that the terms were to run consecutively.
Appellant appealed the trial court's decision to this court. In his single assignment of error, appellant contends that the trial court erred by finding felonious assault and aggravated robbery were not allied offenses of similar import, in violation of R.C. 2941.25 and the state and federal double jeopardy clauses.
R.C. 2941.25(A) states that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." The statute continues by stating that "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).
This statute authorizes trial courts to convict and sentence a defendant "for two or more offenses, having as their genesis the same criminal conduct or transaction, provided that the offenses *** were not allied and of similar import." State v. Moss (1982), 69 Ohio St.2d 515,519. Recently, in State v. Rance (1999), 85 Ohio St.3d 632, the Ohio Supreme Court clarified the standard courts must follow in determining if two offenses are allied offenses of similar import. The court stated that the applicable test is as follows: "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" Id. quoting State v. Jones (1997), 78 Ohio St.3d 12, 13. If, however, "the elements do not so correspond, the offenses are of dissimilar import, the court's inquiry ends — and multiple convictions are permitted." Id. at 636.
Prior to the Ohio Supreme Court's decision in Rance, courts applied R.C. 2941.25 in two different ways. One approach compared the elements of the crimes in conjunction with the facts of the particular case. The approach taken by other courts compared the elements of the offenses in the abstract without reference to the particular facts of the case. InRance, the court settled the issue by finding that the statutory elements should be contrasted in the abstract, not in light of the particular facts of the case at issue. Id.
Viewing the elements of R.C. 2903.11 (felonious assault) and R.C. 2911.01
(aggravated robbery) in the abstract, we find that commission of one crime will not automatically result in commission of the other. An offender need not have feloniously assaulted a victim to support a charge of aggravated robbery. Aggravated robbery requires the mere possession of a deadly weapon. Felonious assault, however, requires the actual use of a deadly weapon to cause or attempt to cause physical harm to another. Also, aggravated robbery is complete upon the offender's purposeful attempt to inflict serious physical harm, while felonious assault requires an actual infliction of serious harm, unless a deadly weapon or a dangerous ordinance is used.
Appellant's reliance on the Tenth District's decision in State v.Mickens (Feb. 20, 1992), Franklin App. No. 91AP-766, unreported, 1992 WL 30779, to support his argument is misplaced. Although the court in that case determined that aggravated robbery and felonious assault were allied offenses, the case was decided prior to Rance, and the court used an inquiry relevant to the particular facts of that case to make its determination. In a recent decision applying Rance, the Tenth District came to the opposite conclusion, finding that the two crimes were not allied offenses. State v. Kelly, (Aug. 22, 2000), Franklin App. No. 99AP-1302, unreported, 2000 WL 1199228, at *7.
This court has previously determined that felonious assault and aggravated robbery are not allied offenses. State v. Ferguson (1991),71 Ohio App.3d 342, 347. Although our decision was before the Ohio Supreme Court's decision in Rance, we applied the abstract standard that was later adopted by the court. Other courts have applied the abstract standard announced in Rance and have reached the same conclusion. Statev. Gonzales (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported, 2001 WL 259186; State v. Kelly, 2000 WL 1199228, at *7.
Because felonious assault and aggravated robbery are not allied offenses of similar import, the trial court did not err in sentencing appellant to consecutive sentences for the two convictions. Appellant's assignment of error is overruled.
 __________________________ YOUNG, P.J.
VALEN and POWELL, JJ., concur.