JOURNAL ENTRY AND OPINION
Luis Cruz appeals from a judgment of the common pleas court sentencing him to three consecutive five-year prison terms in connection with his guilty plea to three counts of rape of his twelve-year-old niece. On appeal, he claims that the rape charges were allied offenses of similar import, and that the court failed to make certain sentencing determinations required by R.C. 2929.12 and 2929.14. After a careful review of the record and applicable case authority, we affirm the judgment of the court imposing an aggregate fifteen-year sentence in this case.
The record reveals that Cruz engaged in a four-month pattern of sexual abuse against his young niece, J.L. On March 16, 2000, the grand jury indicted him on seven counts of rape with sexually violent predator specifications and five counts of disseminating matter harmful to juveniles. At arraignment on March 22, 2000, he pled not guilty to the charges against him.
As part of a subsequent plea agreement, the state amended the rape charges in counts 4, 5 and 6 by deleting the sexually violent predator specifications, Cruz entered guilty pleas to these three amended counts, and the court nolled the remaining charges.
On August 9, 2000, the trial court imposed consecutive five-year prison terms for each of the three counts of rape. The court also found Cruz to be a sexual predator. Cruz now appeals from his aggregate fifteen-year sentence, raising four assignments of error for our review. The first states:
 I. THE TRIAL COURT ERRED IN IMPOSING MAXIMUM PRISON TERM WHEN TWO OR MORE OF THE OFFENSES AROSE OUT OF THE SAME INCIDENT.
Cruz initially argues that the three rape charges constituted allied offenses of similar import and, pursuant to R.C. 2941.25, he asserts the court could only sentence him on one count. He further urges that no separate animus existed for the separate counts and that the offenses were actually one single on-going crime. The state points out that these rapes occurred on three separate occasions over a four-month period.
The allied-offense statute, R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Nicholas (1993), 66 Ohio St.3d 431, 434, the court applied the following two-step analysis for determining whether multiple crimes constitute allied offenses of similar import:
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (Emphasis added.)
Cruz maintains that the rapes constituted one continuous criminal act as opposed to separately committed crimes. In State v. Jones (1997),78 Ohio St.3d 12, the court concluded that two oral rapes, a vaginal rape and an attempted vaginal rape constituted separate crimes even though they occurred on the same morning and during the same attack. The court stated:
 The second act of oral rape increased the risk of physical injury to the victim, as well as the chances that the victim would contract a venereal disease. Further, while the two acts of oral rape were committed within a short period of time of each other, there were significant intervening acts, namely vaginal penetration, loss of an erection, withdrawal from the vagina, and removal of the tampon. We find these factors sufficient to justify a jury verdict that the first act of oral rape was separate from the second act of oral rape.
 The act of attempted vaginal rape increased the risk of physical injury to the victim, as well as the chances that the victim would contract a venereal disease or become pregnant. Further, while the act of vaginal rape and the act of attempted vaginal rape were committed within a short period of time of each other, there were significant intervening acts, namely, loss of an erection, withdrawal from the vagina, removal of a tampon, and oral rape. We find these factors sufficient to justify a jury verdict that the act of vaginal rape was separate from the act of attempted vaginal rape.
Likewise in the instant case, each rape committed by Cruz increased his victim's risk of physical injury, venereal disease and pregnancy. Further, evidence contained in the record establishes that he committed the rapes on separate days over a four-month period with significant intervening acts occurring between each crime. Based upon the foregoing, we have concluded that these separately committed rapes were not allied offenses. We therefore reject this assignment of error.
 II. THE TRIAL COURT ERRED IN IMPOSING FIVE YEAR TERMS ON ALL COUNTS AND CONSECUTIVE PRISON TERMS ON COUNTS.
 III. THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING GIVING REASONS FOR THE SENTENCE IMPOSED AND CONSECUTIVE TERMS.
 IV. THE TRIAL COURT ERRED IN FAILING TO MAKE A RECIDIVISM DETERMINATION UNDER R.C. 2929.12.
Cruz next argues that the trial court failed to justify the imposition of consecutive sentences in this case. He also complains that the court did not make the necessary findings under R.C. 2929.14(B) and (C), and failed to consider the seriousness and recidivism factors in R.C.2929.12.
R.C. 2929.19(B)(2)(c) requires the sentencing court to give its reasons for imposing consecutive sentences. Further, R.C. 2929.14(E)(4) provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Here, the record reflects that the trial court satisfied these requirements when it stated:
 * * * [T]he victim's age was 12 years old; the victim was the niece of the defendant; the defendant used his relationship and quasi parental authority to facilitate this offense; this offense, these offenses occurred repeatedly over a three to four month period; the defendant threatened physical harm upon the victim if the victim were to disclose this to her parents; the defendant locked the door; the defendant showed the [pornographic] movies.
 This behavior indicates that the defendant is likely to commit future offenses. Therefore, to impose a single sentence would not provide the public protection from future crimes nor would it punish the defendant.
 These offenses are so great that a single prison term would not be an adequate response. It is based on the seriousness of the conduct and the danger imposed to the public and the harm caused by these offenses to this young girl who, according to the presentence investigative report, is currently suffering psychological harm. So it would demean the seriousness of the offense and not provide the public with the necessary protection.
(Tr. 20-21.)
Accordingly, we have concluded that the trial court satisfied the requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) and, therefore, properly imposed consecutive sentences.
Cruz next complains that the court did not make one of the findings mandated under R.C. 2929.14(C), i.e., that he committed the worst form of the offense or posed the greatest likelihood of committing future crimes. However, these findings are only required to justify a maximum sentence. Here, Cruz pled guilty to three counts of rape, each a felony of the first degree with possible prison terms of three to ten years. He did not receive the maximum ten-year penalty on any of the charges and, therefore, R.C. 2929.14(C) does not apply to this case.
Cruz also contends, without assigning error, that the court should have sentenced him to minimum three-year sentences because he was a first offender and the court failed to make the required findings under R.C.2929.14(B). Pursuant to App.R. 12(A)(2), our court may disregard this argument. Nevertheless, we have reviewed R.C. 2929.14(B), which provides:
 (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
As gleaned from the portion of the transcript quoted on the seventh page of this opinion, the trial court clearly found a lesser sentence would not provide the public protection from future crimes. (Tr. 21.) Therefore, the court properly imposed greater than the minimum sentences.
Cruz's final challenge to his aggregate fifteen-year sentence is that the court failed to consider the seriousness and recidivism factors in R.C. 2929.12. Subsection (B) of that statute sets forth the seriousness factors, and states:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
A review of the transcript of the sentencing hearing reveals that the trial court fully considered seriousness factors 1, 2 and 6 when it stressed the victim's age (twelve), the psychological harm she suffered, and Cruz's relationship as her uncle.
Next, we address the recidivism factors set forth in R.C. 2929.12(D), which states:
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense. (Emphasis added.)
Cruz urges that none of the five enumerated recidivism factors applies to him and, therefore, the court erred when it found that he is likely to commit future offenses. As pointed out by the state, the court based its recidivism finding on other relevant factors, including the horrendous and repetitive nature of Cruz's crimes. We agree, and therefore conclude that the trial court properly considered the applicable recidivism factors. Accordingly, we reject these assignments of error and affirm Cruz's sentence.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, ADM. J. AND FRANK D. CELEBREZZE, JR., J. CONCUR.