OPINION
Defendant, Ronald Thornton, appeals from the judgment overruling his motion to merge his convictions and sentences pursuant to R.C. 2941.25.
On January 29, 1992, Defendant was indicted on one count of aggravated robbery and one count of aggravated murder. Firearm specifications were attached to both charges. Pursuant to a plea agreement, Defendant pled guilty to the aggravated robbery charge and one count of murder.
On May 11, 1992, the trial court sentenced Defendant to five to twenty-five years for aggravated robbery and fifteen years to life for murder, the two sentences to be served consecutively. We subsequently affirmed Defendant's conviction and sentence, finding that amendment of the indictment from aggravated murder, R.C. 2903.01(B), to the lesser included offense of murder, R.C. 2903.02, was proper. State v. Thornton(November 19, 1999), Montgomery App. No. 17696, unreported.
 On August 28, 2001, Defendant filed a motion in the trial court seekingto merge his convictions and consecutive sentences as allied offenses ofsimilar import. R.C. 2941.25. The trial court overruled Defendant'smotion on October 19, 2001. Defendant timely filed a notice of appeal tothis court from the trial court's judgment., Defendant presents one issuefor our review:
 WHERE APPELLANT WAS CHARGED IN STATE COURT WITH AGGRAVATED MURDER AND AGGRAVATED ROBBERY AND THROUGH A PLEA BARGAIN HE PLED GUILTY TO SIMPLE MURDER AND AGGRAVATED ROBBERY AND IS SENTENCED TO CONSECUTIVE TERMS, STILL REQUIRED THE SAME CONSOLIDATED PUNISHMENT UNDER SECTION 2941.25(A), FOR IF A DEFENDANT IS INDICTED OR CHARGED WITH TWO OR MORE ALLIED OFFENSES OF SIMILAR IMPORT, HE CAN BE FOUND GUILTY OF BOTH ALLIED OFFENSES BUT SENTENCED FOR ONLY ONE.
 Defendant argues that the Double Jeopardy Clause of the United Statesand Ohio Constitutions, which prohibits multiple punishments for the sameoffense, and R.C. 2941.25(A), preclude his consecutive sentences foraggravated robbery and murder because those two offenses constitute thesame offense for double jeopardy purposes. We disagree. R.C. 2941.25provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 In discussing the above statute, the Ohio Supreme Court stated in Statev. Rance (1999), 85 Ohio St.3d 632:
 In Ohio it is unnecessary to resort to the Blockburger test in determining whether cumulative punishments imposed within a single trial for more than one offense resulting from the same criminal conduct violate the federal and state constitutional provisions against double jeopardy. Instead, R.C. 2941.25's two-step test answers the constitutional and state statutory inquiries. The statute manifests the General Assembly's intent to permit, in appropriate cases, cumulative punishments for the same conduct.
 Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract.
Id., Syllabus by the Court, paragraphs one and three.
 In determining whether the offenses Defendant was found guilty ofcommitting and for which the trial court imposed cumulative punishmentsare allied offenses of similar import, the test is whether the elements,when compared in the abstract, correspond to such a degree that thecommission of one crime will result in the commission of the other.Rance, supra; State v. Jones (1997), 78 Ohio St.3d 12. If the elementsdo not so correspond, the offenses are of dissimilar import and thecourt's inquiry is at an end; then the multiple convictions andcumulative punishments are permitted. Rance, supra. If on the otherhand the elements do so correspond, the defendant may not be convictedand sentenced on both offenses unless the court finds that the defendantcommitted the crimes separately or with a separate animus as to each.Jones, supra; R.C. 2941.25(B)., Defendant was convicted of murder, R.C.2903.02, and aggravated robbery, R.C. 2911.01. Those statutes providerespectively:
 R.C. 2903.02
 (A) No person shall purposely cause the death of another.
 R.C. 2911.01
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:
 (1) Have a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or under his control.
 (2) Inflict, or attempt to inflict serious physical harm on another.
 Comparing the elements of these two offense in the abstract, it isobvious that the commission of murder does not automatically result inthe commission of aggravated robbery, and vice versa. Each offenserequires proof of at least one element that the other does not. Rance,supra. Thus, murder and aggravated robbery are not allied offenses of similar import, and Defendant may be convicted and sentenced for both offenses.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.