OPINION
{¶ 1} On September 13, 2002, appellant Michael Poissant was indicted on one count of burglary, one count of kidnapping, one count of abduction, and two counts of rape of a child under the age of thirteen, by force. On November 27, 2002, pursuant to a plea agreement, appellant entered pleas of guilty to both charges of rape, which were amended to drop the allegations of force or threat of force. The remaining charges were dismissed. Appellant executed a waiver of a separate sentencing hearing, and the matter proceeded to sentencing.
 {¶ 2} At the sentencing hearing, appellant represented that he was guilty, but "not guilty like the way that she made me out to be." Tr. 19. He represented to the court that although he knew she was twelve at the time, she did not look or act as young as twelve. He told the court that he was guilty of being an idiot in letting the girl do what she wanted to do, as she was the one that seduced him. He told the police that his hormones took over and he couldn't help himself.
 {¶ 3} The court sentenced appellant to seven years incarceration on one count of rape, and eight years incarceration on the second count of rape, to be served consecutively. Appellant appeals the sentence:
 {¶ 4} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 {¶ 5} Appellant first argues that the court did not make the requisite findings to support consecutive sentencing. We disagree. The December 6, 2002, sentencing entry specifically provides that pursuant to R.C. 2929.14(E)(4), consecutive sentences are necessary to protect the public from future crime, and to punish the defendant. The court found that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger appellant possesses to the public, and the harm caused by the multiple offenses was so great or unusual that no prison term for any of the offenses committed adequately reflects the seriousness of his conduct. The court further found that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. The court made the required findings to support consecutive sentencing.
 {¶ 6} Appellant next argues that the record does not support the court's findings concerning consecutive sentencing. The court specifically found that the physical or mental injuries suffered by the victim, due to appellant's conduct were exacerbated by her young age. The court made findings that she suffered serious physical or psychological harm as a result of the offense. The court used these factors to support its finding that the crime is more serious than others that have occurred in the community. The court further found that appellant had previously been convicted of numerous felonies: forgery, in Wisconsin; uttering a forged instrument, in Florida; two counts of uttering a forged instrument in Florida; and burglary in Florida. The court found that appellant had not responded favorably to sanctions previously imposed for these convictions, as at the time he committed the offense, appellant had absconded from the state of Florida for not reporting to his probation officer. He committed the instant offense while on probation in Florida.
 {¶ 7} The record reflects that the victim had become withdrawn, found it difficult to talk about the rape, and had gone from being a normal happy child to being withdrawn and whispering her answers to questions.
 {¶ 8} Further, it is apparent from the statements made by appellant to the court that he did not have remorse for his actions or fully appreciate the consequences of his conduct. He consistently maintained that she seduced him, and told the court he did not believe he should have to spend the rest of his life in prison because of "some girl wanting to make a big story about me." Tr. 32. Appellant did not deny the sexual conduct took place, but claimed that he could not help himself and did not force her.
 {¶ 9} The record clearly supports the court's findings that consecutive sentences were necessary.
 {¶ 10} Finally, appellant argues that the court erred in sentencing him consecutively, as the two acts of rape were not committed with a separate animus. The charges of rape involve appellant placing his penis in the victim's mouth, and also placing his fingers in her vagina.
 {¶ 11} Consecutive sentencing may be appropriate under the facts of the case for two acts of rape committed in the same course of conduct, if the acts are committed separately or with a separate animus. E.g., State v. Jones (1997), 78 Ohio St.3d 12. Appellant argues that there is nothing in the record to demonstrate that there was a break in the activity. He argues that they were joined not only by temporal proximity, but also by a consistent mental state that his "hormones took over." He asks that the matter be remanded so the record can be fleshed out through further examination of his mental state, and the facts and circumstances surrounding the two forms of sexual activity may be explored more fully.
 {¶ 12} Appellant entered a plea of guilty to the instant offense, thereby waiving all rights to present evidence to challenge the factual basis underlying the charged offenses. Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does the defendant who pleads guilty to two counts having facial allegations of distinct offenses concede that he has committed two separate crimes. United States v. Broce (1989), 488 U.S. 563. Having entered a plea of guilty to two separate counts of rape, appellant cannot now allege that the court should have held an evidentiary hearing to flesh out the facts underlying the crimes.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the Fairfield County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur.