JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ralph Fortson, appeals the judgment of the Cuyahoga County Common Pleas Court that sentenced him to consecutive, maximum terms of imprisonment for aggravated robbery and attempted murder. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that a five-count indictment was returned against appellant charging him with (1) aggravated robbery, in violation of R.C. 2911.01; (2) attempted murder, in violation of R.C. 2923.02 and 2903.02; (3) having a weapon while under disability, in violation of R.C. 2923.13; (4) possessing criminal tools, in violation of R.C. 2923.24; and (5) tampering with evidence, in violation of R.C. 2921.12. One- and three-year firearm specifications were included in the aggravated robbery and attempted murder counts. The events giving rise to this indictment took place on Fairhill Road in Shaker Heights when appellant and three of his companions robbed Nan Ellen Eisenberg and then shot her in the face. Appellant eventually pleaded guilty to aggravated robbery, with a three-year firearm specification, and attempted murder. The remaining counts were nolled.
 {¶ 3} At the sentencing hearing that followed, appellant raised the issue that these offenses were committed "without a separate animus involved." Nonetheless, the trial court, having found appellant committed the worst forms of aggravated robbery and attempted murder, sentenced him to consecutive, maximum ten-year terms of imprisonment for these offenses. In addition to the consecutive, three-year sentence on the firearm specification, appellant's total sentence spans 23 years.
 {¶ 4} Appellant is now before this court and asserts in his single assignment of error that the trial court erred in sentencing him to three consecutive terms of imprisonment for the "same course of events involving a single animus." Succinctly, appellant argues that aggravated robbery and attempted murder are allied offenses of similar import for which he could only be convicted and sentenced for one of these offenses.
 {¶ 5} In general, a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant was convicted of aggravated robbery and attempted murder, both of which are first degree felonies pursuant to R.C. 2911.01(C) and2923.02(E), respectively. If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of three, four, five, six, seven, eight, nine or ten years is required for a first degree felony under R.C. 2929.14(A)(1).
 {¶ 6} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
 {¶ 7} "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 8} R.C. 2941.25, Ohio's multiple-count statute, evinces the legislature's "intent to permit cumulative sentencing for the commission of certain offenses." State v. Rance (1999),85 Ohio St.3d 632, 635, quoting State v. Bickerstaff (1984),10 Ohio St.3d 62, 66. R.C. 2941.25(B) permits a criminal defendant to be punished for multiple offenses of dissimilar import. On the other hand, R.C. 2941.25(A) provides that a criminal defendant may be convicted of only one offense, despite an indictment that includes charges for multiple offenses, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import * * *." Nonetheless, if a defendant commits offenses of similar import separately or with a separate animus, that defendant may be punished for both under R.C.2941.25(B).
 {¶ 9} Offenses are of similar import if the elements of each crime, when compared in the abstract, "correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Rance, 85 Ohio St.3d at 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14; see, also,State v. Childs (2000), 88 Ohio St.3d 558, 561. In this case, appellant was charged with one count each of aggravated robbery and attempted murder. Aggravated robbery requires proof that a defendant "[had] a dangerous ordnance on or about the offender's person or under the offender's control" while committing, or attempting to commit, a theft offense. See R.C. 2911.01(A)(2). R.C. 2913.01(K)(1) defines "theft offense" to include a number of crimes. Pertinent to this case is the attempted theft of property belonging to Nan Ellen Eisenberg. See R.C. 2911.01. Attempted murder, on the other hand, requires proof that the accused attempted to cause the death of another as a proximate result of the offender committing, or attempting to commit, an offense of violence that is a first or second degree felony. See R.C.2903.02(B). Comparing the two offenses, it is apparent that the elements do not correspond to such a degree that the commission of one offense would result in the commission of the other offense. The offense of attempted murder is complete without having an offender commit a theft offense. See State v. Howard
(June 18, 1992), Cuyahoga App. No. 62130, 1992 Ohio App. Lexis 3173.
 {¶ 10} Accordingly, it was not necessary for the court to hold a hearing on this issue, as appellant contends. A court is required to first view the elements in the abstract to determine whether the elements of the two offenses correspond to such a degree that the commission of one crime will result in the commission of the other. Once it is satisfied that the offenses are not allied, there is no need to hold a hearing during the initial step of the inquiry. See Rance, 85 Ohio St.3d at 639.
 {¶ 11} Appellant's sole assignment of error is not well taken and is overruled. Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Sweeney, J., concur.