JOURNAL ENTRY AND OPINION
On January 29, 2001, Defendant-Appellant, Carl Gaston ("Gaston") was indicted by the grand jury for aggravated robbery, in violation of R.C.2911.01; kidnapping in the second degree, in violation of R.C. 2905.01; theft, in violation of R.C. 2913.02; and failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331. On March 27, 2001 Gaston entered a plea of guilty to the indictment and on April 11, 2001 a pre-sentence report was completed. On April 17, 2001 the trial court sentenced Gaston to a total of twenty-five years incarceration. The sentence included the maximum of ten years of imprisonment each for aggravated robbery and kidnapping, to run consecutively; eighteen months of imprisonment for theft, to run concurrent with the aggravated robbery sentence; and five years of imprisonment for failure to comply, to run consecutive to the aggravated robbery and kidnapping sentence.
Gaston filed his timely appeal raising four assignments of error for our review, none of which we find to be well taken. For the reasons set forth below, we affirm.
A review of the record indicates that the victim and her husband were in the business of towing automobiles. On December 26, 2000 the victim was accompanying her husband on tow runs when, after completing a tow, they were flagged down by a female in need of assistance. The victim and her husband stopped at a convenience store to assist the stranded motorist. The victim stayed in the vehicle with the engine running while her husband assisted the motorist. Unrelated to the situation, Gaston approached the victim and made comments regarding her relationship with her husband and then walked away. Gaston then took the opportunity to walk behind the vehicle, enter the driver's side door and drove off with the victim in the passenger seat. The victim's husband observed the event and called the Cleveland police. The victim made several unsuccessful attempts to escape, even ripping off the passenger side door handle in her attempts and struggles with Gaston. After an extensive search, including both police zone vehicles and a helicopter, the Cleveland police located Gaston and the victim, with the vehicle parked against a fence blocking the passenger door and any escape by the victim. Gaston forcefully removed the victim's necklace and rings. As the police approached, Gaston fled in the vehicle but he eventually abandoned the vehicle and fled on foot, leaving the victim in the vehicle. Gaston was apprehended and taken into custody.
We address each assignment of error in turn. The first assignment of error is as follows:
 THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT REVIEWING STATUTORY CRITERIA FOR FAILURE TO COMPLY BEFORE SENTENCING THE DEFENDANT.
 [U]nder the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker, 1999 Ohio App. LEXIS 77, (Jan. 19, 1999), Clermont App. No. CA 98-04-025, unreported; State v. Garcia, 126 Ohio App.3d 485; State v. Donnelly, 1998 Ohio App. LEXIS 6308, (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported.
State v. Kincaid (Nov. 8, 2001), Cuyahoga App. No. 79526, unreported.
Applying this standard of review we find that the trial court's journal entry states that it considered all of the required factors of the law prior to the imposition of the sentence, and was clearly and convincingly supported by the record and is not contrary to law.
The trial court's decision to impose the maximum sentence of incarceration is supported by clear and convincing evidence and is not contrary to law. R.C. 2929.12 and R.C. 2929.14. The trial court is not required to announce its underlying reasons for finding that a prison term greater than the minimum authorized sentence should be imposed upon the offender. State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, syllabus. Rather, the trial court must have engaged in the statutory analysis and determined that one or both of the exceptions under R.C.2929.14(B) were present. Edmonson at 326.
The Supreme Court of Ohio found as follows:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
Edmonson at syllabus.
Furthermore, despite Gaston's argument to the contrary, the trial court specifically considered the harm and risk of harm to the victim. The first assignment of error is overruled.
The second assignment of error is as follows:
 THE TRIAL COURT ERRED IN NOT MERGING THE FAILURE TO COMPLY CHARGE INTO THE KIDNAPPING CHARGE.
On appeal, Gaston contends that the trial court applied the same mensrea for the kidnapping and failure to comply charges and that the trial court should have merged the two crimes.
The allied offense statute, R.C. 2941.25, prohibits multiple convictions and states as follows:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Where, as is the instant case, "a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown. State v. Thrower (1989), 62 Ohio App.3d 359,376, 575 N.E.2d 863, 874, jurisdictional motion overruled (1990),49 Ohio St.3d 717, 552 N.E.2d 951. See, also, State v. Comen (1990),50 Ohio St.3d 206, 211, 553 N.E.2d 640, 646; State v. Fields (1994),97 Ohio App.3d 337, 344, 646 N.E.2d 866, 870, motion for delayed appeal denied (1998), 84 Ohio St.3d 1427, 702 N.E.2d 903* * *." State v.Stansell (Apr. 20 2000), Cuyahoga App. No. 75889, unreported;
"Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below clearly would have been different absent the error. State v.Lindsey (2000), 87 Ohio St.3d 479, 482, 721 N.E.2d 995, citing State v.Long (1978), 53 Ohio St.2d 91, 7 Ohio Op.3d 178, 372 N.E.2d 804, paragraph two of the syllabus. State v. Stansell (Apr. 20 2000), Cuyahoga App. No. 75889, unreported. We conclude that Gaston has failed to demonstrate plain error.
The Supreme Court of Ohio held that the elements of alleged allied offenses are to be compared in the abstract. State v. Rance (1999),85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus. The Ohio Supreme Court has set out a two-step test to determine when convictions may be obtained for two or more allied offenses of similar import. In the first step, the elements of the offenses at issue are compared in the abstract to determine whether the elements correspond to such a degree that the commission of one offense will result in the commission of the other. State v. Rance (1999), 85 Ohio St.3d 632, 638,710 N.E.2d 699. But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B). Id., State v. Jones (1997), 78 Ohio St.3d 12,13-14. The burden of establishing that two offenses are allied falls upon the defendant. State v. Douse (Nov. 29, 2001), Cuyahoga App. No. 79318, unreported.
The Supreme Court of Ohio set forth the test to determine whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each in accordance with R.C. 2941.25(B):
 (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.
State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, at syllabus.
We find that the record contains evidence of the existence of separate animus for the crimes of kidnapping and failure to comply sufficient to support the conviction. Furthermore, Gaston has failed to meet his burden of establishing that kidnapping and failure to comply with order or signal of police officer are allied offenses. This assignment of error is overruled.
The third assignment of error is as follows:
 THE TRIAL COURT COMMITTED PLAIN ERROR IN FINDING THE ROBBERY COUNT TO BE THE WORST FORM OF THE OFFENSE.
Gaston argues that the trial court failed to review the factors relevant to the threat of harm when it convicted him of aggravated robbery and that there was no basis for the maximum or consecutive sentencing.
R.C. 2911.01 provides in part as follows:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
* * *
 (3) Inflict, or attempt to inflict, serious physical harm on another.
We find that Gaston failed to demonstrate that the trial court committed plain error when it found that Gaston had committed the worst form of the offense. Gaston pled guilty to the indictment of aggravated robbery. The record indicates that Gaston car-jacked the victim, terrorized her to the point that she ripped off the passenger door handle in her attempts to escape, ripped her jewelry from her body, and made statements relative to her sexuality and race. (T. 41-43). We can not say that the trial court committed plain error when it made its determination that the requisite infliction or attempt to inflict serious physical harm on another was present. This assignment is overruled.
The fourth assignment of error is as follows:
 THE TRIAL COURT'S SENTENCING DID NOT MEET STATUTORY REQUIREMENTS FOR MAXIMUM SENTENCES AND CONSECUTIVE SENTENCES.
R.C. 2929.14(C) sets forth the requirements for imposing the maximum term of incarceration upon an offender find as follows:
 (C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In accordance with R.C. 2929.14(C), the trial court found that Gaston committed the worst forms of the offenses of kidnapping and aggravated robbery. (T. 42). The trial court noted that the victim was so terrorized that she attempted on numerous occasions to get out of the speeding vehicle; that the victim tore off the passenger door handle in her attempts to escape; and that Gaston fled from numerous police officials, including a helicopter. (T. 43).
In order to sentence an offender with the maximum sentence, this court has stated as follows:
 to impose the maximum sentence, there must be a finding on the record that the offender posed the greatest likelihood of recidivism or committed the worst form of the offense. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853, unreported. We do not require the court to utter any "magic" or talismanic" words, but it must be clear from the record that the court made the required findings. See State v. Stribling
(Dec. 10, 1998), Cuyahoga App. No. 74715, unreported.
State v. White (1999), 135 Ohio App.3d 481, 486; 734 N.E.2d 848,851-852.
The trial court found that Gaston lacked remorse; that he was likely to commit future crimes; that he lied about his drug usage; that he had a pattern of criminal conduct and drug abuse; that he had the opportunity to enter a drug treatment program but refused. (T. 42-44).
The legislature set forth the requirements for imposing prison terms and consecutive sentences in R.C. 2929.14(E)(4)which states as follows:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In the case sub judice, the trial court specifically stated on the record, in accordance with R.C. 2929.14, that the consecutive sentences were necessary not only to protect the public and to punish the offender, but that they were not disproportionate to the seriousness of Gaston's conduct and the need to protect the public. (T. 44). The trial court also found that the history of Gaston's criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. (T.43).
We have found that "merely reciting or tracking the statutory language in R.C. 2929.14 is not sufficient to comply with the mandate set forth in R.C. 2929.19(B)(2)(c) to provide a reason for the consecutive sentence."[1] State v. Grider (June 7. 2001), Cuyahoga App. No. 78370, unreported.
In the instant case, the trial court provided numerous reasons for its decision to impose consecutive sentences, including Gaston's previous convictions and cases; his failure to stop for the police vehicles and helicopter; theft offenses; past drug trafficking; past assaults upon police officers; and inflicting serious harm upon the victim. (T.40-46).
Finally, we find that Gaston was sufficiently informed of post-release control.
This assignment of error is overruled. The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. AND MICHAEL J. CORRIGAN, J., CONCUR.
[1] See State v. Gonzalez (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported; State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported; State v. Craft (Apr. 27, 2001), Fulton App. No. F-00-013, unreported; State v. Johnson (Sept. 29, 2000), Franklin App. No. 99AP-1463. unreported.