OPINION
Defendant-appellant, Antonio L. Miles, appeals his convictions in the Butler County Court of Common Pleas for burglary and improperly discharging a firearm at or into a habitation. The trial court's decision is affirmed.
In November 2000, Miles broke into Bryant Benson and Danielle Halcomb's motel room and removed several items, including two VCRs and some video game equipment. He gained entrance into the room by discharging a firearm into the door lock mechanism. After he was apprehended, Miles told police he broke into the room to recover approximately $3,400 that he believed Benson had stolen from him. He also told police that if Benson had been in the room he would have shot him. After obtaining a search warrant for Miles' own motel room, which was located near Benson and Halcomb's room, the police found some of the stolen items, a handgun, and some crack cocaine. They later discovered one of the VCRs, which was broken, in a ditch behind a local store. Approximately $2,000 in cash was inside the VCR.
Miles was charged with burglary, improperly discharging a firearm at or into a habitation, having a weapon under disability and possession of cocaine. The charges of burglary and discharging a firearm at or into a habitation were both accompanied by a firearm specification. Following a jury trial, Miles was convicted on all counts and sentenced to prison terms of seven years for burglary, two years for improperly discharging a firearm at or into a habitation, eleven months each for having a weapon under disability and possession of cocaine, and three years for each firearm specification. All terms were ordered to be served consecutively, except for the firearm specifications, which were ordered to be served concurrent with each other.
Miles appeals from his convictions for burglary and improperly discharging a firearm at or into a habitation, assigning two errors.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN OVERRULING MILES' MOTION FOR DISMISSAL ON THE GROUNDS THAT BURGLARY, UNDER THE THEORY ARGUED BY THE PROSECUTION, AND DISHARGE OF A FIREARM ARE ALLIED OFFENSES.
Miles argues that under the facts of this case, burglary and improperly discharging a firearm at or into a habitation are allied offenses of similar import pursuant to R.C. 2941.25, because the state used his act of discharging a firearm into the door lock to establish the "force" element of the burglary charge. Therefore, Miles contends, he cannot be convicted of both offenses. We disagree with Miles' argument.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
When considering whether offenses are of similar import under R.C.2941.25(A), a court must compare the statutorily defined elements of the offenses and determine whether they "correspond to such a degree that the commission of one crime will result in the commission of the other."State v. Rance (1999), 85 Ohio St.3d 632, 639, quoting State v. Jones
(1997), 78 Ohio St.3d 12, 13. In making this determination, the court must examine the elements of the offenses in the abstract, rather than in light of the particular facts of the case. See Rance at paragraph one of the syllabus, and 636-639 (overruling Newark v. Vazirani [1990],48 Ohio St.3d 81, and language in other opinions to the contrary). If the elements of the offenses correspond to such a degree that the commission of one offense will result in the commission of the other, then "the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 639, citing R.C. 2941.25(B); Jones,78 Ohio St.3d at 14. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Id. at 636.
Burglary is defined in R.C. 2911.12(A)(2) as follows:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (2) Trespass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
Improperly discharging a firearm at or into a habitation is defined in R.C. 2923.161(A)(1) as follows:
 (A) No person, without privilege to do so, shall knowingly * * *
 (1) Discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]
When the elements of burglary and improperly discharging a firearm at or into a habitation are compared in the abstract, it is apparent they do not correspond to such a degree that commission of one offense would result in the commission of the other. Burglary requires proof that the offender committed a trespass, whereas improperly discharging a firearm at or into a habitation does not. Conversely, improperly discharging a firearm at or into a habitation requires proof that the offender knowingly discharged a firearm, whereas burglary does not. Therefore, burglary pursuant to R.C. 2911.12(A)(2) and improperly discharging a firearm at or into a habitation pursuant to R.C. 2923.161(A)(1) are offenses of dissimilar import, and Miles' conviction on both crimes was permissible.
The first assignment of error is overruled.
Assignment of Error No. 2:
 THE DECISION OF THE TRIAL COURT THAT MILES IS GUILTY OF BURGLARY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Miles asserts that his conviction for burglary was contrary to the manifest weight of the evidence because the state failed to establish that he entered Benson and Halcomb's motel room for the purpose of committing a felony. Miles contends that his statement to police that he entered the motel room with the intention of shooting Benson showed nothing more than a "measure of his anger" at Benson. He also argues that most of the items he took from the room actually constituted his own property since they were purchased with money stolen from him by Benson. Miles further asserts that the few items he removed that belonged to Halcomb were of little value and did not rise to the level of a felony theft.
When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of witnesses, to determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 386, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. An appellate court's decision to reverse a judgment and grant a new trial on grounds that a verdict is against the manifest weight of the evidence must be unanimous, Thompkins
at 389, and a new trial should be granted only "in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 386, quoting Martin. The weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact, State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus, whose decision is owed deference since the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
Contrary to Miles' contention, the state was not required to demonstrate that Miles entered the motel room with the intent to commit afelony offense to obtain a burglary conviction; it was sufficient for the state to prove that Miles entered the room for purposes of committing "any criminal offense." R.C. 2911.12(A)(2). Miles acknowledges there was evidence showing he stole several items from Halcomb. The fact that the value of those items may not have risen to the level of a felony theft is irrelevant.
There was also evidence that Miles broke into the motel room to kill Benson, whom he believed had stolen $3,400 from him. Sergeant Pete Langemann testified that Miles told him four times that he intended to kill Benson. Langemann stated that Miles' statements caught him "off guard" because he assumed that Miles would say that he used the handgun merely to intimidate Benson into returning his money. Even when Langemann cautioned Miles not to say something he did not mean, Miles, according to Langemann's testimony, leaned forward and said, "If Mr. Benson was in that room you would have found him dead with a bullet in his head; I was mad that he took my money." The jury was not required to accept the explanation that Miles was only "bragging" when he made that statement. Given the foregoing, the state presented credible evidence showing that Miles trespassed in Benson and Halcomb's motel room for the purposes of committing murder, felonious assault, or theft.
The second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.