DECISION AND JUDGMENT ENTRY
Lawrence R. Collins appeals his convictions and sentences in the Ross County Court of Common Pleas on one count of kidnapping, in violation of R.C. 2905.01, and on one count of rape, in violation of R.C. 2907.02. Collins asserts that the trial court erred in failing to merge the two offenses. Because kidnapping and rape are allied offenses of similar import, and further because Collins committed the crimes with a single animus, we find that a manifest miscarriage of justice occurred when the trial court convicted and sentenced Collins on both counts. Collins also asserts that his convictions were against the manifest weight of the evidence. Upon reviewing the record and considering all reasonable inferences, we disagree and find that the jury did not clearly lose its way and create a manifest miscarriage of justice with regard to the rape conviction. We find weight of the evidence as to the kidnapping conviction moot based upon our resolution of Collins' first assignment of error. Accordingly, we affirm Collins' conviction for rape, but reverse and remand this cause for merger of the kidnapping conviction and sentencing in accordance with this opinion.
 I.
The State of Ohio charged Collins with rape and kidnapping after his victim filed a police report and underwent a hospital examination. Collins pled not guilty to the charges.
At Collins' trial to a jury, the victim testified that she came into contact with Collins in the early morning hours of October 30, 1999, when he approached her and asked if she "wanted to party." The victim testified that she replied, "No," but Collins proceeded to follow her down an alley she was using to get home. The victim stated that Collins came up behind her, put his hand over her mouth, grabbed her around the waist, and threw her to the ground. He beat her repeatedly in the head and raped her, both vaginally and anally. Collins ordered the victim to stay in the alley for five minutes, and he left. As the victim stood up to leave, she noticed Collins' jacket lying on the ground. She put on the jacket and left the alley.
The victim went to a friend's home, and the friend advised her to not report the rape since she has a past history of trouble with the law. A short time later, the victim returned to the alley to retrieve a lens that had fallen out of her glasses. While there, she found Collins' driver's license lying on the ground. She took the license and went home.
At home, the victim's mother convinced her to call the police. After taking her report, the police transported the victim to the hospital for an examination. The examining doctor testified that the victim's injuries included a tear in her rectum, vaginal bleeding, and bruises on her head, face, and the right side of her body.
Collins, testifying in his own defense, also stated that he came into contact with the victim and asked her if she wanted to party on the night in question. However, according to Collins, the victim said, "Yes." Collins obtained some crack cocaine for them to smoke. They proceeded to the alley, where they engaged in consensual sex. Afterwards, the victim demanded that Collins pay her twenty-five dollars. When Collins refused, the victim put on his jacket and left, stating that she would have her people "take care of him."
Both Collins and the victim agreed to take polygraph tests and stipulated that the results would be admissible as evidence in the trial. According to the results and the testimony of the polygraphist, the victim's version of events was truthful and Collins' version was not truthful.
After a jury found Collins guilty of one count of rape and one count of kidnapping, the court sentenced Collins to nine years for the rape charge and four years for the kidnapping charge, to be served consecutively. Collins timely appealed and asserts the following assignments of error:
 "I. DEFENDANT-APPELLEE'S (sic) CONVICTIONS OF BOTH RAPE AND KIDNAPPING RESULT IN DOUBLE JEOPARDY WHEN THE TWO OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT.
 "II. DEFENDANT-APPELLEE'S (sic) CONVICTIONS WERE EACH AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II.
In his first assignment of error, Collins asserts that the trial court erred when it convicted and sentenced him for both kidnapping and rape because these two offenses merge into one offense. Collins did not raise the merger issue in the trial court, and has not argued to this court that the trial court committed plain error in failing to merge the offenses.
Crim.R. 52(B) provides that a plain error in the proceedings that affects substantial rights may be noticed even though it was not brought to the attention of the court. An appellate court that reviews a proceeding for plain error must examine the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error did not occur. State v. Slagle (1992), 65 Ohio St.3d 597. The Supreme Court of Ohio has cautioned that "notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice." State v.Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. We may invoke the plain error standard of analysis to sua sponte consider the particular errors affecting an accused's substantial rights. State v.Sneed (1992), 63 Ohio St.3d 3, 10, citing Crim.R. 52(B); Long, supra.
Collins argues that the trial court violated the prohibition on double jeopardy by entering convictions and consecutive sentences on his convictions for both rape and kidnapping. The Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect a defendant from being put in jeopardy twice for the same offense.
R.C. 2941.25 codifies the constitutional prohibition on double jeopardy. R.C. 2941.25 requires merger of the separate counts of an indictment for purposes of sentencing as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Thus, we follow a two-step test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. Statev. Jones (1997), 78 Ohio St.3d 12, 13; State v. Blankenship (1988),38 Ohio St.3d 116, 117. In the first step, we compare the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other. In engaging in this comparison, we examine the statutorily defined elements of the offenses in the abstract, not in context of the particular facts of the case before us. State v. Rance (1999), 85 Ohio St.3d 632,paragraph one of the syllabus. If the two crimes do so correspond, the crimes are allied offenses of similar import and we must proceed to the second step. Id.; Blankenship at 117. In the second step, we review the defendant's conduct. If we find that the crimes were committed separately or that there was a separate animus for each crime, then the defendant may be convicted of both offenses. Rance at 639, citing Jones at 14;Blankenship.
In the case at bar, the grand jury indicted Collins for rape, in violation of R.C. 2907.02(A)(2), and kidnapping, in violation of R.C.2905.01(A)(4). R.C. 2907.02(A)(2) provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2905.01(A)(4) provides: "No person, by force, threat, or deception * * * shall * * * restrain the liberty of another person * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will."
Comparing the elements of the two crimes in the abstract, we find that the statutory elements of rape and kidnapping correspond to such a degree that the commission of the rape will always result in the commission of the kidnapping. Therefore, the two offenses are allied offenses of similar import. Consequently, the trial court could not convict and sentence Collins for both the rape and the kidnapping unless, pursuant to R.C. 2941.25(B), Collins committed the two offenses separately or with a separate animus as to each.
In this case, the charges against Collins arose from a single incident. Thus, he did not commit the offenses separately. Therefore, the only issue remaining is whether Collins committed the two offenses with a separate animus as to each.
In State v. Logan (1979), 60 Ohio St.2d 126, syllabus, the Supreme Court of Ohio stated:
 "In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:
 "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." See also, State v. Johnson (2000), 88 Ohio St.3d 95, 113 (quoting and following Logan); State v. Cain (Mar. 6, 2001), Hocking App. No. 99CA25, unreported.
In this case, the victim testified that Collins threw her to the ground, beat her, raped her, and then left her in the alley she had been using to get home. Collins ordered her to remain in the alley for five minutes, but she left as soon as he was gone. The examining doctor testified that the victim had bruises to the right side of her face and torso. Additionally, the trial court found that the victim suffered "serious physical and psychological harm."
Despite the victim's bruises and the trial court's finding of harm, the trial court found Collins guilty of second degree felony kidnapping. Kidnapping is a felony of the second degree only if the offender releases the victim in a safe place unharmed; otherwise, it is a felony of the first degree. R.C. 2905.01(C). Thus, in its judgment entry the trial court implicitly found that Collins released his victim in a safe place unharmed. Applying the Logan test to these facts, we find that Collins' restraint of his victim was merely incidental to the rape, and that Collins did not subject the victim to a substantial increase of harm that was separate and apart from that involved in the rape. Consequently, we find that a separate animus did not exist as to each offense, and that the kidnapping should have been merged with the rape.
Based upon the analysis above, the trial court could only convict and sentence Collins for rape. Thus, a manifest miscarriage of justice occurred. Therefore, we find plain error, and we sustain Collins' first assignment of error.
 III.
In his second assignment of error, Collins asserts that his convictions of both rape and kidnapping are against the manifest weight of the evidence. Based upon our resolution of Collins' first assignment of error, we find this assignment moot as to the kidnapping charge, and we review the manifest weight of the evidence as to the rape charge only. See App.R. 12(A)(1)(c).
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. In reviewing the evidence we must be mindful that the jury, as the original trier of fact, was in the best position to judge the credibility of witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
In this case, we find that substantial evidence exists in the record upon which the jury could conclude beyond a reasonable doubt that Collins raped his victim. Although Collins testified that he and the victim engaged in consensual sex, the jury, which was in the best position to judge the credibility of the witnesses and the weight of the evidence, disbelieved Collins' testimony. By Collins' own stipulation the jury also had the results of the polygraph test, showing Collins to be untruthful. After reviewing the entire record and weighing the evidence, we cannot find that the jury lost its way and created a manifest miscarriage of justice in convicting Collins for rape. Therefore, we overrule Collins' second assignment of error.
 IV.
In conclusion, we find that rape and kidnapping are allied offenses of similar import and that Collins did not commit the offenses separately or with a separate animus as to each. Therefore, a manifest miscarriage of justice occurred when the trial court entered convictions and sentences for both. However, Collins' rape conviction is not against the manifest weight of the evidence and no miscarriage of justice occurred with regard to it.
Accordingly, we affirm in part and reverse in part the judgment of the trial court, and we remand this case for merger of the rape and kidnapping convictions.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CAUSE REMANDED.
Evans, J. Concurs in Judgment and Opinion.