DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Huron County Court of Common Pleas that found appellant guilty of one count of securing writings by deception and one count of forgery and sentenced him to consecutive maximum sentences. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in violation of the United States Constitution, Ohio Constitution and Ohio Revised Code Section 2941.25 by imposing consecutive sentences on crimes constituting allied offenses of similar import.
 {¶ 4} "II. The trial court erred by imposing the maximum sentences allowed by law when the defendant/appellant was convicted of only one fourth degree felony and one fifth degree felony in which there are no presumptions of prison."
 {¶ 5} The undisputed facts that are relevant to the issues raised on appeal are as follows. On September 27, 2002, appellant entered pleas of guilty to one count of securing writings by deception in violation of R.C. 2913.43(A) and (B)(1), a felony of the fifth degree, and one count of forgery in violation of R.C. 2913.31(A)(1), a felony of the fourth degree. The charges arose from allegations that appellant, while an owner/employee of Prestige Motors in Huron County, forged other peoples' names on drafts which were then presented to Firstar Bank representing sales that had never taken place. It was also alleged that appellant moved the funds back and forth between Prestige Motors and Bill Klaus Cadillac, where appellant was also an owner/employee. Prior to the plea hearing, the parties agreed to make a joint recommendation to the court that appellant receive 120 days in the county jail and be ordered to pay restitution of up to, but not exceeding, one million dollars to Firstar Bank and/or Prestige Motors, which would be offset by amounts paid to the victims upon resolution of the civil suits brought against appellant. At the sentencing hearing, the trial court imposed a sentence of 12 months on the first count and 18 months on the second count, with the sentences to be served consecutively. It is from that judgment that appellant timely appeals.
 {¶ 6} In his first assignment of error, appellant asserts that the trial court erred by imposing consecutive sentences because the offenses for which he was convicted are allied offenses of similar import. Appellant further asserts that the trial court erred by failing to hold a hearing on this issue.
 {¶ 7} In State v. Rance (1999), 85 Ohio St.3d 632, the Supreme Court of Ohio held that, pursuant to R.C. 2941.25(A), if a defendant's actions can be construed to constitute two or more allied offenses of similar import he may be convicted of and sentenced for only one. The court further held, however, that if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both, pursuant to R.C. 2941.25(B). Rance, supra at 636, citing Statev. Jones (1997), 78 Ohio St.3d 12. Rance further states that crimes are allied offenses of similar import if they correspond to such a degree that the commission of one crime will result in the commission of the other. Rance, supra, citing Jones at 13. If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends there.
 {¶ 8} R.C. 2913.43, securing writings by deception, states in relevant part:
 {¶ 9} "(A) No person, by deception, shall cause another to execute any writing that disposes of or encumbers property, or by which a pecuniary obligation is incurred.
 {¶ 10} "(B)(1) Whoever violates this section is guilty of securing writings by deception."
 {¶ 11} R.C. 2913.31(A)(1), forgery, states:
 {¶ 12} "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
 {¶ 13} "(1) Forge any writing of another without the other person's authority * * *."
 {¶ 14} As set forth in R.C. 2913.01, "forge" means "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."
 {¶ 15} It is clear to this court from the foregoing definitions that securing writings by deception and forgery are not allied offenses of similar import pursuant to the definitions set forth in Rance, supra. The two offenses do not correspond to such a degree that the commission of either one of the crimes will result in the commission of the other. It would be possible for an individual to "cause another to execute any writing that disposes of or encumbers property" without himself forging a writing of another without that person's authority.
 {¶ 16} Therefore, these offenses are of dissimilar import and multiple convictions are allowable pursuant to R.C. 2941.25(B). Appellant's argument is without merit.
 {¶ 17} As to the matter of a hearing on the issue discussed above, this court need not address this argument as appellant failed to raise the issue below or object to the trial court's proceeding to sentencing without a hearing. Appellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed. State v.Comen (1999), 50 Ohio St.3d 206, citing State v. Williams (1977),51 Ohio St.2d 11, 116-117, vacated in part on other grounds, Williams v.Ohio (1978), 438 U.S. 911; State v. Broom (1988), 40 Ohio St.3d 277,288-289.
 {¶ 18} Based on the foregoing, appellant's first assignment of error is not well-taken.
 {¶ 19} In his second assignment of error, appellant asserts that the record does not support the trial court's order imposing the maximum sentences of 12 months on the fifth-degree felony of securing writings by deception and 18 months on the fourth-degree felony of forgery. Appellant further asserts that the trial court erred by ordering that the sentences be served consecutively. Appellant argues in support that some or all of the funds he stole can be recovered from the victims, that he has a limited criminal history and that neither of the offenses presumes a prison sentence.
 {¶ 20} Initially, we note that the trial court in this case indicated at the sentencing hearing that it had considered the overriding purposes of felony sentencing pursuant to R.C. 2929.11(A) and (B). The court further stated that it had considered the factors set forth in R.C. 2929.12(B) and (C) regarding how to accomplish the purposes set forth in R.C. 2929.11.
 {¶ 21} The Supreme Court of Ohio has consistently held that the trial court must make specific findings on the record at the sentencing hearing when imposing a sentence other than the minimum and ordering them to be served consecutively. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165; State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
 {¶ 22} This court has carefully reviewed the transcript of the sentencing hearing and, based thereon, we find that the trial court made all of the statutorily required findings and articulated clear reasons in support of each one at the hearing in full compliance with the recent mandate of the Supreme Court of Ohio in State v. Comer, supra, for the imposition of consecutive, non-minimum sentences. After addressing the principles and purposes of felony sentencing, the trial court stated that lesser sentences would demean the seriousness of the offenses and would not be adequate to protect the public. The trial court further found that appellant had committed one of the worst forms of the offense, that he committed one of the largest frauds in the history of Huron County, and that the fraud was committed repeatedly until it was discovered.
 {¶ 23} As to the imposition of consecutive sentences, we find that the trial court made the statutorily enumerated findings and gave explicit reasons for those findings at the hearing. The court stated its findings that consecutive sentences were necessary to protect the public from future crime and to punish the offender. The court also found that the sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. The trial court further noted that appellant had defrauded Firstar Bank, Prestige Motors, and other businesses of more than one million dollars and stated that this "white-collar crime" should not be treated any differently than other theft offenses. Finally, the trial court found that the harm caused by appellant was so great or unusual that no single prison term would adequately reflect the seriousness of his conduct. The transcript of the sentencing hearing clearly reflects that the trial court stated its reasons for all of the above findings.
 {¶ 24} Based on the foregoing, we find that the trial court complied with the requirements of R.C. 2929.14(B), R.C. 2929.14(E), and R.C. 2929.19(B)(2) as set forth in State v. Comer, supra, and did not err by imposing consecutive maximum sentences. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 25} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.