OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Lawrence B. Miller appeals from the May 14, 2008, Judgment Entry of the Stark County Court of Common Pleas, granting Defendant-Appellee Rodman Public Library Board of Trustees' Civ. R. 12(B)(6) Motion to Dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} For purposes of this appeal, the relevant facts are as follows:
 {¶ 3} Lawrence B. Miller ("Miller") was a nine and one-half (9½) year maintenance supervisor in charge of the inventoried assets of Rodman Public Library ("Rodman").
 {¶ 4} Madge Engle ("Engle") was Rodman's director of operations and Miller's immediate supervisor.
 {¶ 5} Sometime in early 2007, Miller began to suspect that Engle was stealing chairs from Rodman's inventoried assets. Miller investigated the missing assets and wrote two (2) detailed reports to Thomas Moushey ("Moushey"), the President of the Board of Trustees.
 {¶ 6} Later, Appellant also advised the Alliance Law Director of his suspicions.
 {¶ 7} On October 19, 2007, Appellant resigned, in writing, and cited his allegations of the missing chairs.
 {¶ 8} Some weeks later, Ms. Engle was arrested, pled guilty, made restitution, and spent some time incarcerated.
 {¶ 9} On April 17, 2008, Appellant filed a Complaint in the Stark County Court of Common Pleas alleging two causes of action. The first cause of action alleged constructive termination of his employment under the Ohio Whistleblower Statute *Page 3 
R.C. § 4113.52. The second cause of action alleged wrongful termination in contravention of public policy.
 {¶ 10} On April 25, 2008, Appellee herein filed a Motion to Dismiss pursuant to R.C. 12(B)(6), failure to state a claim upon which relief can be granted, to-wit: the action is barred by the statute of limitations.
 {¶ 11} Appellant herein filed no response to the Motion to Dismiss.
 {¶ 12} On May 14, 2008, the trial court granted Appellee's motion and dismissed both causes of action and the entire Complaint, finding Appellant's Whistleblower claim was barred by the Statute of Limitations.
 {¶ 13} Appellant now raises the following assignments of error for review:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT THE CLAIM BY APPELLANT UNDER THE WHISTLEBLOWER STATUTE WAS BARRED BY APPLICATION OF A STATUTE OF LIMITATION.
 {¶ 15} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT THE CLAIM UNDER WRONGFUL TERMINATION IN CONTRAVENTION OF PUBLIC POLICY WAS PREEMPTED BY THE WHISTLEBLOWER STATUTE AND THE 180 DAY STATUTE OF LIMITATIONS."
 I. {¶ 16} In Appellant's first assignment of error, Appellant argues that the trial court erred in finding his R.C. § 4113.52 cause of action was barred by the statute of limitations. We disagree. *Page 4 
 {¶ 17} R.C. § 4113.52, Ohio's whistleblower statute, prohibits an employer from taking disciplinary or retaliatory action against an employee for reporting violations of the law. Protection as a whistleblower requires an employee's strict compliance with the dictates of R.C. 4113.52. Contreras v. Ferror Corp. (1995), 73 Ohio St.3d 244,246-247.
 {¶ 18} R.C. § 4113.52 states, in applicable part:
 {¶ 19} "(3) If an employee becomes aware in the course of the employee's employment of a violation by a fellow employee of any state or federal statute, any ordinance or regulation of a political subdivision, or any work rule or company policy of the employee's employer and the employee reasonably believes that the violation is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety, a felony, or an improper solicitation for a contribution, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.
 {¶ 20} "(B) Except as otherwise provided in division (C) of this section, no employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(1) or (2) of this section, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under either such division. No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the *Page 5 
employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division. For purposes of this division, disciplinary or retaliatory action by the employer includes, without limitation, doing any of the following:
 {¶ 21} "(1) Removing or suspending the employee from employment;
 {¶ 22} "(2) Withholding from the employee salary increases or employee benefits to which the employee is otherwise entitled;
 {¶ 23} "(3) Transferring or reassigning the employee;
 {¶ 24} "(4) Denying the employee a promotion that otherwise would have been received;
 {¶ 25} "(5) Reducing the employee in pay or position.
 {¶ 26} "(C) An employee shall make a reasonable and good faith effort to determine the accuracy of any information reported under division (A)(1) or (2) of this section. If the employee who makes a report under either division fails to make such an effort, the employee may be subject to disciplinary action by the employee's employer, including suspension or removal, for reporting information without a reasonable basis to do so under division (A)(1) or (2) of this section.
 {¶ 27} "(D) If an employer takes any disciplinary or retaliatory action against an employee as a result of the employee's having filed a report under division (A) of this section, the employee may bring a civil action for appropriate injunctive relief or for the remedies set forth in division (E) of this section, or both, within one hundred eighty days after the date the disciplinary or retaliatory action was taken, in a court of common pleas in accordance with the Rules of Civil Procedure. A civil action under this division is not available to an employee as a remedy for any disciplinary or retaliatory action taken by *Page 6 
an appointing authority against the employee as a result of the employee's having filed a report under division (A) of section 124.341
of the Revised Code."
 {¶ 28} Upon review, we find Appellant's R.C. § 4113.52 claim that he was constructively discharged or terminated was barred by the statute of limitations in that Appellant resigned on October 19, 2007, and he did not file his Complaint until April 17, 2008, more than 180 days after such termination from employment.
 {¶ 29} Appellant argues, however, that the statute of limitations should not begin to run on that date but instead should begin on the date his supervisor was arrested.
 {¶ 30} Upon review of the record, we find Appellant failed to respond to Appellee's Motion to Dismiss. Appellant therefore failed to raise this argument at the trial court level and now argues it for the first time on appeal. We find that appellant therefore has waived review of this issue by failing to raise it at the trial level. See State v.Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue.
 {¶ 31} Appellant's first assignment of error is overruled.
 II. {¶ 32} In his second assignment of error, Appellant asserts the trial court erred in granting Appellee's motion to dismiss on his public policy claim because, even if his R.C. § 4113.52 whistleblower claim fails, his wrongful termination claim based on a violation of Ohio public policy should survive. We disagree.
 {¶ 33} Appellant argues that his second cause of action should have survived Appellee's motion to dismiss because such cause of action was a separate, *Page 7 
independent common law tort action, that being wrongful termination in contravention of public policy.
 {¶ 34} Appellant cites Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 14, in support of his argument. We find Appellant's arguments unpersuasive
 {¶ 35} We find the Kulch case is distinguishable from the case sub judice. In the Kulch case, the employee alleged that he had been terminated for filing a complaint with the Occupational Safety and Health Administration. Id. at 135, 677 N.E.2d 308. In that case, both Section 660(c), Title 29, U.S. Code and R.C. § 4113.52 were identified as separate and independent sources for the public policy against termination for whistleblowing. Id. at 151, 153, 677 N.E.2d 308. In the instant case, Appellant's complaint only alleged a public policy violation pursuant to R.C. § 4113.52.
 {¶ 36} The elements of a public policy claim were discussed inGreeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228. The first element of a Greeley claim requires a claimant to establish a clear public policy manifested in a statute, constitution, administrative regulation, or in common law. Here, Appellant's claim was strictly based upon the policies embedded in R.C. § 4113.52.
 {¶ 37} To put it simply, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. Leininger v. Pioneer Natl.Latex (2007), 115 Ohio St.3d 311, 316-317, 875 N.E.2d 36, 42.
 {¶ 38} Upon review of the Complaint, we find Appellant's second cause of action is based on the exact alleged retaliatory conduct contained in the first cause of action *Page 8 
based on a violation of R.C. § 4113.52. Having found that Appellant's R.C. § 4113.52 claim must fail, his public policy claim must likewise fail.
 {¶ 39} Appellant's second cause of action is overruled.
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Wise, J. Gwin, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1